# CHARLESTON.

## DENT v. PICKENS.

### Submitted June 17, 1907.   Decided March 23, 1909.

1. APPEAL AND ERROR—*Remand—Procedure Below.*
   When the appellate court has remanded a cause to the circuit court with directions as to the collection and application of certain funds, it is error for the circuit court to decree any of such funds to be applied otherwise than as so directed. (p. 343.)

2. SAME—*Cross Assignment of Errors.*
   When on petition for an appeal from and *supersedeas* to a decree a partial appeal only is allowed involving certain several sums required to be paid by the defendant to the plaintiff and the court has erroneously allowed to, and permitted the defendant to retain and apply to his own use another sum of the same fund, such error cannot be corrected on cross-assignment of error by the plaintiff claiming such sum, on the hearing of such partial appeal, but will only be corrected upon an independent appeal taken by the plaintiff. (p. 344.)

[ROBINSON, JUDGE, Absent.]

Appeal from Circuit Court, Barbour County.

Bill by Susan C. Dent against Dever Pickens and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

J. HOP WOODS, for appellant.

FRED O. BLUE, for appellees.

MCWHORTER, JUDGE:

This is an appeal from so much of the decree of the circuit court of Barbour county entered in the cause of *Dent* v. *Pickens* on the 23rd day of February, 1905, as confirmed and allowed to be retained by A. G. Dayton the sum of $376.97, being the residue of a sum of $1721.21 which had been paid into the hands of said Dayton on th 22nd day of April, 1892, by Commissioner Peck.

In an opinion written in said cause, found in 46 W. Va. 378, at page 393 (33 S. E. 308), in remanding the cause to the circuit court, said court was directed "to refer the cause to a commissioner to ascertain and report what moneys due on the claims assigned by Dever Pickens from the parties mentioned in the amended bills as debtors to him, if any, have been paid since the filing of the first amended bill, by whom and to whom paid, and whether the one thousand dollars of the debt secured by the trust deed made by M. W. and Ledrue Coburn of October 21, 1885, secured to Dever Pickens, and mentioned in the said marriage contract as having been assigned to Mollie Pickens, has been paid to her since the filing of the first amended bill, and whether any or all of such moneys have been paid or not; that the court take proceedings to collect all such money as may not be shown, upon proper and sufficient evidence, to have been paid prior to the filing of the said first amended bill, to be collected from the persons who have since received it, or from the debtors who may not yet have paid what they owe; and that the same, as fast as collected, be applied to the judgment of appellant, until the same is satisfied." The said sum of $1,721.21 being a part of the moneys referred to in the matters so to be referred to the commissioner and to be applied to plaintiff's judgment as fast as collected. After the case went back the circuit court entered a decree therein on the 23rd of February,

1905, wherein is contained among other things the following: "And it further appearing to the Court from the pleadings and proofs herein, and from said decree of February 23rd, 1900, and from said report, that of the sum of $1,721.21, paid to the defendant Alston G. Dayton, attorney, on the 22nd day of April, 1892, by Melville Peck, Special Commissioner, as recited in said decree, the said Dayton paid to the defendant, Mollie Pickens (now Mollie Pickens-Martin) on the 12th day of May, 1892, the sum of $1,000.00 and on the 6th day of June, 1892, the further sum of $69.24; to the defendant John J. Davis, on the 21st day of May, 1892, as counsel fees against the defendant Dever Pickens, the sum of $125.00; to the defendant John Bassel, on the 26th day of May, 1892, as counsel fees—against said defendant Dever Pickens, the sum of $150.00, and the residue, to-wit: $376.97, he retained for himself as counsel fees against said defendant Dever Pickens, and that all of said payments of said sum of $1,721.21, and the amount thereof so retained by said defendant A. G. Dayton, were severally paid and retained after the filing of the plaintiff's first amended bill herein, at the September Rules of this Court, 1889, upon which process issued upon the 31st day of August, 1889, whereby and by reason of plaintiff's execution, as determined by said affirmed decree of February 23rd, 1900, liens were created upon said sum of $1,721.21, in behalf of Plaintiff's demand herein, in the hands of said defendant A. G. Dayton, who paid out the same to the persons aforesaid, except the amount thereof retained by himself, *de son tort,* with respect to which so retained by himself, it appears that an attorney's lien in his behalf existed previously by reason of his relation as attorney to the original debt in favor of the defendant Dever Pickens, of which said sum of $1,721.21 is parcel, secured by the deed of trust dated December 21st, 1885, to himself and said James Pickens as trustees, executed by the defendants M. W. Coburn and Ledrue Coburn, in said ante-nuptial contract mentioned.

It is further adjudged, ordered and decreed that said A. G. Dayton and said Mollie Pickens do pay to the plaintiff the said sum of $1,000.00, with interest thereon from said 12th day of May, 1892, and the said sum of $69.24, with interest thereon from said 6th day of June, 1892; that said A. G. Dayton and John J. Davis do pay to the plaintiff the said sum of $125.00,

with interest thereon from said 21st day of May, 1892, that said A. G. Dayton and John Bassel do pay to the plaintiff said sum of $150.00, with interest thereon from said 26th day of May, 1892, and that leave be given the plaintiff to sue out several executions therefor, and that when the same, or either of them are so paid the same shall be credited upon the plaintiff's decree herein, and the right of substitution to the said payments as to said debts, as between the said defendants herein decreed to pay the same, shall exist as between themselves according to their rights and equity in respect thereto; and as to said sum of $376.97, residue of said sum of $1,721.21, retained by said Dayton as aforesaid, the same is confirmed and allowed to him, as and for his attorney's lien upon said original debt, of which said sum of $1,721.21 is parcel as aforesaid." From this decree of February 23, 1905, the defendant John D. Pickens, executor of James Pickens, deceased; John D. Pickens; Mollie Pickens Martin; Dever Pickens and Minnie Coburn Pickens, filed their petition in this Court for an appeal.

A partial appeal only therefrom and *supersedeas* thereto were allowed as follows: "State of West Virginia: An appeal and *supersedeas* upon the foregoing petition was allowed as to so much of the decree pronounced on the 23rd day of February, 1905, as requires that A. G. Dayton and Mollie Pickens pay to the plaintiff the sum of $1,000.00, with interest thereon from the 12th day of May, 1892, and the sum of $69.24, with interest thereon from the 6th day of June, 1892, and that said A. G. Dayton and John J. Davis pay to the plaintiff the sum of $125.00, with interest thereon from the 21st day of May, 1892, and that said A. G. Dayton and John Bassel pay to the plaintiff the sum of $150.00, with interest thereon from the 26th day of May, 1892, in Court, at Charleston, on the 12th day of May, 1905." Said appeal was decided, as will appear in 59 W. Va. *274* (53 S. E. 154), where it is said at page 161, 53 S. E.: "From the principles and conclusions above stated, it results that A. G. Dayton was liable to the plaintiff for said sums of $69.24, $125, and $150, paid by him to Mollie Pickens, John J. Davis, and John Bassel, respectively; and that, as said parties received it from him with knowledge of the source from which it was derived and all the circumstances above referred

to, so much of the decree as relates to said sums will be affirmed.

As said Dayton received said sum of $1,000 and paid it to Mollie Pickens before the filing of said second amended bill, he stands in a different situation as to it. It cannot be said that there was any pending suit with reference thereto at the time he received the money, and he, therefore, violated no duty. For this reason, the decree should have required Mollie Pickens alone to pay said sum; and, in so far as it requires A. G. Dayton and Mollie Pickens to pay to Susan C. Dent $1,000 with interest thereon from the 12th day of May, 1892, until paid, the same must be reversed and a decree entered here requiring said Mollie Pickens to pay said sum, with interest thereon as aforesaid, to said Susan C. Dent." It is further said at same page: "A cross-assignment of error is predicated on the refusal of the court to require the defendant, A. G. Dayton to pay over to the plaintiff a balance of the Coburn debt, amounting to $376.97, part of which he retained on account of his fees as attorney for Dever Pickens, and the residue of which he applied on costs due from his client. That matter is not now before this Court, for the reasons assigned in disposing of other assignments of error as to matters not brought up by the appeal."

Susan C. Dent then filed her petition for an appeal from so much of said decree of February 23, 1905, as permitted and authorized the defendant Dayton to retain as and for his attorney's lien on said original debt, the $376.97, residue of said sum of $1,721.21. The sum here involved, the item of $376.97, for the reasons given in *Dent* v. *Pickens,* 53 S. E. 154, fixing liability of said A. G. Dayton for the said sums of $69.24, $125, and $150, being governed by the same principles should have been required by said decree to be paid by the said Dayton to the plaintiff Dent, and, as shown by said report of the case in 53 S. E., the said decree of February 23, 1905, as to said sum of $376.97 could not be reversed on cross-assignment of error in that case because the same was not before the Court therein on said appeal.

For the reasons stated the said decree of February 23, 1905, disposing of the said sum of $376.97 is reversed and annulled and this Court proceeding to render such decree as the circuit court should have rendered, it is adjudged, ordered and decreed

that the said A. G. Dayton do pay to the plaintiff the sum
of $376.97, the residue of said sum of $1,721.21, with interest
thereon from the 21st day of May, 1892, until paid.

### ON RE-HEARING.

WILLIAMS, JUDGE:

The money retained by appellee on account of his services
as attorney for Dever Pickens stands on no higher footing in
respect to the claim of Susan Dent-Roy than any other portion
of the M. W. & Ledrue Coburn debt; and in the former appeals
in this suit the disbursements of all the rest of said Coburn
debt have been held to be in fraud of Susan Dent's claim. What
right has appellee to his fee as attorney for Dever Pickens,
payable out of said fund, superior to the right of his associate
counsel? Pickens and his wife assigned $1,000.00 of this Coburn
debt for the joint benefit of all three of the attorneys.

Counsel for appellee contends, in his brief, that this Coburn
fund was subject to an attorney's lien in favor of appellee for
services rendered by him in respect to the collection of said
fund, before Susan Dent acquired any right to any part of it.
If this is true, his lien ought to be protected and saved to him,
provided the amount of it can be ascertained. But by refer-
ence to his answer we find that he does not assert any such
lien. He therein expressly claims title to the fund because of
an agreement between himself and Dever Pickens that he,
Bassel and Davis were to be paid their fees out of it for their
services in defending the Dent vs Pickens law action. In his
deposition he says: "When the original law cause of Dent
vs. Pickens was instituted, and if I remember rightly in less
than a week after the summons issued in it, Dever Pickens
employed John J. Davis, John Bassel and myself to defend him
in it, and in the conversation which I had with him at that
time *we* verbally assigned, or agreed that I should hold to the
extent of $1000 this debt this Coburn debt when collected by
me, to secure to Davis, Bassel and myself our fees incurred in
the defence of this action at law against him." And later
he took a written assignment, dated August 20, 1889, from
Dever Pickens and Minnie Pickens his wife, which reads as
follows: "For the purpose of securing to John J. Davis, John

Bassel and Alston G. Dayton their fees as attorneys for Dever Pickens in the cases of Susan C. Dent v. Dever Pickens both in law and chancery in the Circuit Court of Barbour County, W. Va., we hereby assign the residue of about $1000.00 of a debt due from M. W. & Ledrue Coburn to Mrs. Minnie B. Pickens assignee of said Dever Pickens, after deducting offset and amount heretofore assigned thereout by said Dever Pickens to Miss Mollie Pickens. In case the law cause of Dent v. Pickins is gained by said Pickens in the end said Davis, Bassel and Dayton are to have a fee of $1000.00 otherwise such fee as may be hereafter agreed upon Aug. 20th, 1889."

By acceptance of this assignment he recognized the right of Minnie Pickens (nee Coburn) to dispose of said Coburn debt, under the settlement made upon her by Dever Pickens which was decreed to be fraudulent as to Susan Dent. All of said M. W. & Ledrue Coburn fund, except the $376.97 in the hands of appellee, has been applied on Susan Dent's judgment. The amount now held by him is a part of the $1000.00 assigned for fees of himself and associate counsel in the Dent-Pickens suits, and the same liability attaches to it.

Even if the Court were satisfied that appellee has an attorney's lien on said Coburn fund the record furnishes no information as to the extent of it. Appellee does not attempt to show what per cent. of the debt he is entitled to, nor what was the value of his services in respect to said fund. We do not think he has proven that he has an attorney's lien; neither has he shown how much he claims under such lien, whether ten dollars or five hundred dollars.

For these additional reasons we think the former decree rendered by this Court on this appeal, on the 26th day of January, 1907, is right, and we refuse to reverse, or change it.

*Reversed.*